Lian v. Holder

BIA
A077 957 412

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of September, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges.*

_____

YONG XIU LIAN,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

10-2121-ag
NAC

| | |
|---|---|
| FOR PETITIONER: | Lee Ratner, Michael Brown, New York, New York. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yong Xiu Lian, a native and citizen of the People's Republic of China, seeks review of a May 13, 2010, decision of the BIA denying her motion to reopen her removal proceedings. *In re Yong Xiu Lian*, No. A077 957 412 (B.I.A. May 13, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA did not abuse its discretion in denying Lian's motion to reopen as untimely. *See id*. A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. *See* 8 U.S.C. § 1229a(c)(7)(C). There is no dispute that Lian's motion to reopen, filed in August 2009, more than four years after the BIA affirmed the IJ's denial of her asylum application, was untimely. *See id.*

Furthermore, the BIA did not err in concluding that Lian failed to submit material evidence of changed country conditions as required to warrant consideration of her untimely motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Lian argues that the 2007 U.S. Department of State Profile of Asylum Claims and Country Conditions ("2007 Profile") shows changed country conditions, pointing to the 2005 implementation of regulations in China which gave certain legal rights to registered religious groups, but not to unregistered religious groups. However, the 2007 Profile indicates that this regulation is not a change in China's policy, stating while "[s]ome argue that the new regulations foster a more tolerant atmosphere . . . others point out that the new regulations merely codify past practice." In addition, although the 2007 Profile acknowledges China's repression of unsanctioned churches, as the BIA found, similar conditions existed prior to Lian's 2003 hearing, as reflected in evidence she submitted before the immigration judge ("IJ").

Lian further argues that the BIA erred in discounting a village committee notice she submitted with her motion to reopen. However, the BIA did not err in according the village notice minimal weight because it was unsigned and unauthenticated. *See Qin Wen Zheng v. Gonzales*, 500 F.3d

3

143, 148 (2d Cir. 2007); *Matter of H-L-H-*, 25 I. & N. Dec. 209, 214-15 (B.I.A. 2010). Lian argues that *Qin Wen Zheng* does not support the BIA's decision not to credit the notice because, unlike the petitioner in that case, the IJ found her testimony credible. Contrary to Lian's contention, however, the IJ did not find her credible, but rather found significant reasons to doubt her credibility before denying her claim on alternative grounds. Accordingly, the BIA reasonably found that Lian failed to demonstrate a material change in country conditions, and did not abuse its discretion in denying her motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4