11-4172
Sano v. Holder

BIA
A072 435 656

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of September, two thousand twelve.

PRESENT:
     JON O. NEWMAN,
     REENA RAGGI,
     CHRISTOPHER F. DRONEY,
          *Circuit Judges.*
_____

ABRAHAM SORY SANO,
          *Petitioner,*

          v.                                    11-4172
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*
_____

FOR PETITIONER:     Gary J. Yerman, Esq., Yerman &
                    Associates, LLC, New York, New York.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant
                    Attorney General; Keith I. McManus,
                    Senior Litigation Counsel; Brendan
                    P. Hogan, Attorney, Office of
                    Immigration Litigation, Civil
                    Division, United States Department
                    of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abraham Sory Sano, a native and citizen of Guinea, seeks review of a September 15, 2011, decision of the BIA, denying his motion to reopen his removal proceedings. *In re Abraham Sory Sano*, No. A072 435 656 (B.I.A. Sept. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). Here, because Sano's motion was indisputably time and numerically barred, *see* 8 U.S.C. § 1229a(c)(7)(A), (C), he was required to establish materially "changed country conditions arising in [his] country of nationality," *id.*, § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Substantial evidence supports the BIA's determination that Sano failed to satisfy this standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding

2

that when the agency explicitly considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the agency's factual findings for substantial evidence).

First, because the evidence Sano submitted in support of his motion did not rebut the immigration judge's ("IJ") prior adverse credibility finding, it was not error for the BIA to rely on that finding in declining to afford substantial weight to Sano's affidavit in support of reopening. *See Qin Win Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007) ("The BIA's use here of the IJ's unchallenged conclusion that Zheng was not credible in support of its refusal to credit the authenticity of [evidence submitted in support of a motion to reopen] was . . . appropriate."); *accord Kaur v. B.I.A.*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam). Second, the BIA did not err by affording diminished weight to unsworn statements submitted by Sano's relatives, who, as the BIA noted, were interested witnesses. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010)(giving diminished weight to letters from relatives that were written by interested witnesses not

subject to cross-examination), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

And third, consistent with the BIA's finding, the objective evidence Sano submitted in support of reopening failed to demonstrate materially changed country conditions in Guinea. Among other things, that evidence showed that the violence prior to the 2010 election was instigated by members of both the Malinke and Fulani/Peuhl ethnic groups; government-led security forces were responsible for a considerable portion of the violence and targeted, in particular, members of the Fulani/Peuhl ethnic group; and, following the election, Alpha Conde, a Malinke, was inaugurated president. Taken together, these facts do not demonstrate that members of the Malinke ethnic group, like Sano, are now more susceptible to violence or persecution than during the previous regime. But even assuming that violence against Malinkes persists in Guinea, such conditions would not differ materially from those Sano described in his original asylum application. Because substantial evidence supports the BIA's country conditions finding, we do not address its alternative finding regarding relocation.

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5