Lin v. Lynch

BIA
Morace, IJ
A093 339 645

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand fifteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

CHENG GUO LIN,
*Petitioner*,

v.                                                                              No. 12-358
                                                                                     NAC

LORETTA E. LYNCH, United States
Attorney General,
*Respondent.*

_____

FOR PETITIONER:            Jay Ho Lee, Jay Ho Lee Law Offices LLC, New York, New York.

FOR RESPONDENT:            Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cheng Guo Lin, a native and citizen of the People's Republic of China, seeks review of a January 11, 2012 decision of the BIA that (1) affirmed a May 26, 2010 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and (2) denied his motion to remand. See In re Cheng Guo Lin, No. A093 339 645 (B.I.A. Jan. 11, 2012), aff'g No. A093 339 645 (Immig. Ct. N.Y.C. May 26, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); see also Li Yong Cao v. U.S. Dep't of Justice, 421 F.3d 149, 156–57 (2d Cir. 2005).

1.    Asylum, Withholding of Removal, and CAT Relief

An alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(b)(2); see also Huo Qiang Chen v. Holder, 773 F.3d 396, 404 (2d Cir. 2014). To establish a well-founded fear of persecution, an applicant must show that he subjectively fears persecution and that his fear is objectively reasonable. See Huo Qiang Chen v. Holder, 773 F.3d at 404. In assessing an applicant's claim of a well-founded fear of forced sterilization under a coercive population control

2

policy, the agency employs an evidentiary framework inquiring whether the applicant has "(1) identified the government policy implicated by the births at issue, (2) established that government officials would view the births as a violation of the policy, and (3) demonstrated a reasonable possibility that [local] government officials would enforce the policy against [the applicant] through means constituting persecution." Jian Hui Shao v. Mukasey, 546 F.3d 138, 142–43 (2d Cir. 2008); see also id. at 149 (noting that BIA focuses on local government in third step of analysis because "enforcement of the one-child policy varies greatly in China, depending on locality" (internal quotation marks omitted)); id. at 170 (identifying no legal error in BIA's three-step framework).

The agency did not err in finding that, even assuming that the births of Lin's children would be considered a violation of China's family planning policy, Lin failed to demonstrate a reasonable possibility that local officials would enforce the policy against him by means of forced sterilization, because the record contains no evidence compelling the conclusion that similarly situated individuals from Fujian Province face such persecution. See id. at 159–61, 163–66 (determining that record, which included report relied on by Lin, did not compel conclusion that alien had objectively reasonable fear of forced sterilization in Fujian Province). Accordingly, we identify no error in the agency's denial of asylum. Because the burdens of establishing withholding of removal and CAT relief are higher than the burden for establishing asylum, we similarly identify no error in the agency's denial of those other forms of relief. See Paul v. Gonzales, 444 F.3d 148, 156–57 (2d Cir. 2006).

2.     Motion to Remand

A movant seeking remand to present evidence must meet "the 'heavy burden' of demonstrating a likelihood that the new evidence presented would alter the result in the case." Li Yong Cao v. U.S. Dep't of Justice, 421 F.3d at 156 (quoting In re Cuelho, 20 I. & N. Dec. 464, 473 (B.I.A. 1992)). The BIA determined that the new evidence would not alter the result on remand in part because (1) the statement from Lin's wife was unsworn and was prepared by an interested witness who was not subject to cross-examination, and (2) the village committee notice was unauthenticated and unsigned. Accordingly, the BIA did not abuse its discretion in denying Lin's motion to remand. See Y.C. v. Holder, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); see also Sano v. Holder, 495 F. App'x 181, 183 (2d Cir. 2012) (summary order) (holding that BIA did not err in affording statements diminished weight in motion to reopen because statements' authors were interested and unsworn); Yong Xiu Lian v. Holder, 437 F. App'x 26, 27 (2d Cir. 2011) (summary order) (holding that BIA did not err in according village notice minimal weight in motion to reopen "because it was unsigned and unauthenticated").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED

4

in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court